David S. Reidy (SBN 225904)
Email: dreidy@reedsmith.com
Carla Meninsky (SBN 233470)
Email: cmeninsky@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants
Bank of America, N.A., for itself and as successor in interest to BAC Home Loans Servicing, LP; and ReconTrust Company, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PETE REYNOSA AND PATRICIA REYNOSA,

Plaintiff,

vs.

BANK OF AMERICA, N.A. BAC HOME LOANS SERVICING, LP, RECONTRUST, N.A. CHASE HOME FINANCE, LLC, and DOES 1 to 10,

Defendant.

Case No.: SACV11-01955 CJC (ANX)

**DEFENDANTS BANK OF AMERICA, N.A., FOR ITSELF AND AS SUCCESSOR IN INTEREST TO BAC HOME LOANS SERVICING, LP; AND RECONTRUST COMPANY, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: February 27, 2012
Time: 1:30 p.m.
Place: Courtroom 9B
Compl. Filed: December 19, 2011

Honorable Cormac J. Carney

[Concurrently filed with [Proposed] Order]

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 1 -
NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 27, 2012 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom No. 9B of the United States District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, CA 92701, Defendants Bank of America, N.A. ("BANA"), for itself and as successor in interest to BAC Home Loans Servicing, LP ("BAC"); and ReconTrust Company, N.A. (collectively "the BANA Defendants") will and hereby do move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the Complaint of Plaintiffs Pete Reynosa and Patricia Reynosa ("Plaintiffs"), and each claim for relief alleged therein against Defendants on the grounds that the Complaint fails to state any claim upon which relief can be granted.

This Motion is based on this Notice of Motion, the Motion To Dismiss Plaintiffs' Complaint with Memorandum of Points and Authorities attached thereto, the operative complaint and pleadings on file with the Court in this matter, all matters of which this Court may properly take judicial notice, and any other evidence or oral argument as the Court may consider in connection with this Motion.

DATED: January 13, 2012.

REED SMITH LLP

By /s/ Carla Meninsky
Carla Meninsky
Attorneys for Defendants
Bank of America, N.A., for itself and as successor in interest to BAC Home Loans Servicing, LP; and Recontrust Company, N.A.

# Table of Contents

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES .......... 1

I . INTRODUCTION .......... 1

II . MOTION TO DISMISS STANDARD .......... 2

A. Plaintiffs Fail to State a Claim for Wrongful Foreclosure .......... 3

1. Plaintiffs' Chain of Title Allegations Have No Merit .......... 4

2. Plaintiffs' "Robo Signing" Allegations Are Conclusory And Plaintiffs Lack Standing To Challenge Any Assignments .......... 5

B. Plaintiffs Fail to State a Federal RICO Claim .......... 6

C. Plaintiffs Are Not Entitled To Injunctive Relief .......... 7

D. The Court Should Dismiss Plaintiffs' Complaint Without Leave to Amend Under The Applicable Standard .......... 8

III . CONCLUSION .......... 9

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– i –

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,
988 F.2d 1157 (Fed. Cir. 1993) ........ 8

*Alicea v. GE Money Bank*,
No. 09-00091, 2009 WL 2136969 (N.D. Cal. 2009) ........ 3

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) ........ 2, 3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, (2007) ........ 2, 3

*Carpenter v. Longan*,
83 U.S. 271 (1872) ........ 5

*Cerecedes v. U.S. Bankcorp*,
No. CV 11--219 CAS (FMOx),
2011 WL 1666938, (C.D. Cal. Apr. 29, 2011) ........ 6

*Clegg v. Cult Awareness Network*,
18 F.3d 752, (9th Cir. 1994) ........ 3

*Dumas v. Kipp*,
90 F.3d 386 (9th Cir. 1996) ........ 3, 8

*Fontenot v. Wells Fargo Bank, N.A.*,
198 Cal. App. 4th 256 (2011) ........ 4, 6

*Gomes v. Countrywide Home Loans, Inc.*,
192 Cal. App. 4th 1149, (2011) ........ 4, 6

*Gonzalez v. First Franklin Loan Services*,
2010 WL 144862 (E.D. Cal. Jan. 11, 2010) ........ 3

*Huertas v. Galaxy Asset Management LLC*,
641 F.3d 28 (3rd Cir. 2011) ........ 7

*Ileto v. Glock Inc.*,
349 F.3d 1191 (9th Cir. 2003) ........ 3

*Karlsen v. American Sav. & Loan Assn.*,
15 Cal. App. 3d 112 (1971) ........ 3

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) ........ 3

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802 (9th Cir. 1988) ........ 3

*Navarro v. Block*,
250 F.3d 729 (9th Cir. 2001) ........ 2

*Neitzke v. Williams*,
490 U.S. 319, 109 S. Ct. 1827, (1989) ........ 2, 8

*Pantoja v. Countrywide Home Loans, Inc.*,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– ii –

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

640 F. Supp. 2d 1177 (N.D. Cal. 2009) ........ 6

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, (9th Cir. 1984) ........ 2, 8

*Stormans, Inc. v. Selecky*, 586 F.3d 1109 (9th Cir. 2009) ........ 7

*Travelers Indem. Co. v. Dammann & Co.*, 594 F.3rd 238, (3d Cir. 2010) ........ 2

**Statutes**

18 U.S.C. § 1961(1) ........ 7

18 U.S.C. § 1961(6) ........ 7

18 U.S.C. § 1962(c) ........ 7

Cal. Civ. Code 2924(a)(1) ........ 5

Cal. Civ. Code § 2932.5 ........ 4, 5

Fed. R. Civ. P. 12(b)(6) ........ 2

Fed. R. Civ. P. 8(a) ........ 2

U.S.C 18§ 242 ........ 6

**Restatements**

Restatement (Third) of Property: Mortgages § 5.4(a) ........ 5

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– iii –

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' Complaint for Wrongful Foreclosure and Injunction must be dismissed in its entirety because it is rife with conclusory statements, vague allegations and completely lacks the necessary facts to put any of the Defendants on notice of any specific claims. There is not a shred of an allegation connecting any of the Defendants Bank of America, N.A. ("BANA"), for itself and as successor in interest to BAC Home Loans Servicing, LP ("BAC"), or ReconTrust Company, N.A. (collectively "the BANA Defendants") with Plaintiffs in this action, let alone sufficiently detailed allegations to satisfy the pleading standard.

The 22 numbered paragraphs that make up the Complaint contain no information that reveals the subject property at issue; Plaintiffs' connection with the property; what each of the BANA Defendants did wrong, if anything; to whom they did it; or when they did it. Nor do Plaintiffs plead any specific facts or actual injury allegedly arising from any of the BANA Defendants' supposed actions. Moreover, Plaintiffs' deficient Complaint can not be remedied, as it is premised on fatally flawed and unsupportable theories as to a broken chain of title.[1] As such, all of Plaintiffs' claims are untenable and should be dismissed with prejudice for at least the following reasons:

- Plaintiffs do not have standing bring a wrongful foreclosure action; Plaintiffs do not plead that they have made the requisite full and proper tender, and Plaintiffs plead no facts which show irregularities in the foreclosure process or that they have suffered actual harm;
- Neither of Plaintiff's two purported RICO claims cited in paragraph 2 of the Complaint states a valid claim that is sufficient to survive a motion to dismiss;

[1] Plaintiffs base their "chain of title" allegations on a "Securitization Report from the SEC Web Site."

– 1 –

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

   Plaintiffs present no facts showing violations of the Federal RICO statutes and Plaintiffs do not plead a predicate violation with specificity to support a Federal RICO violation; and

- Plaintiffs do not plead a viable underlying claim to support a request for injunctive relief.

In short, Plaintiffs fail to state a single viable claim against the BANA Defendants. As the deficiencies of Plaintiff's Complaint cannot be cured by amendment, Defendant's Motion to Dismiss should be granted without leave to amend.

## II. MOTION TO DISMISS STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832 (1989); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).

To survive a *Fed. R. Civ. P.* 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 8(a). Facial plausibility exists when the plaintiff pleads factual content allowing the court to draw the reasonable inference that the defendant may be liable for the misconduct alleged. *See Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556); *see also Travelers Indem. Co. v. Dammann & Co.*, 594 F.3rd 238, 256 n.13 (3d Cir. 2010) ("The Supreme Court has recently made clear that a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."). The plausibility standard requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Iqbal*, 129 S. Ct. at 1949 (a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (citations omitted).

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). Indeed, the Supreme Court confirmed the requirement that pleadings must contain more than labels and unsupported conclusions, and emphasized that conclusory allegations are not entitled to be assumed true. *See Ashcroft*, 129 S. Ct. at 1949-52 (citing *Twombly*, 550 U.S. at 570). A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Moreover, the Court may take judicial notice of public records outside the pleadings in deciding whether to dismiss a claim under Rule 12(b)(6). *See Gonzalez v. First Franklin Loan Services*, 2010 WL 144862, at *3 (E.D. Cal. Jan. 11, 2010) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

The Court may dismiss with prejudice when it would be futile to permit the plaintiff the opportunity to amend the complaint. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

**A. Plaintiffs Fail to State a Claim for Wrongful Foreclosure**

As a preliminary matter, a debtor cannot challenge the foreclosure proceedings without first credibly alleging tender. "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure. *Alicea v. GE Money Bank*, No. 09-00091, 2009 WL 2136969, *3 (N.D. Cal. 2009) (citing California law); *Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112 (1971). In the instant case, Plaintiffs fail to make any allegation that they are currently willing and able to tender the balance of any debt

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

owed. Thus they lack standing to bring a claim for wrongful foreclosure.

Furthermore, Plaintiffs cannot simply speculate that "Defendants lack proper legal standing to foreclose," Compl. ¶ 6, but fail to provide any *factual support* for such allegations. *E.g.*, *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1158-59 (2011) (allegations made on "information and belief" fail to state a claim without specific facts giving rise to such belief; leave to amend inappropriate where borrower has no specific information regarding unrecorded assignments of note). Here, Plaintiffs' speculative allegations regarding the authority of Defendants to foreclose are improper and must fail.

**1. Plaintiffs' Chain of Title Allegations Have No Merit**

Plaintiff's legal theories premised on alleged irregularities in the assignment of the note are fatally flawed. Plaintiffs' pure speculations that "the Note" has been securitized are unsupported by any allegations of fact, but instead rely on a Securitization Report from the SEC website. Compl. ¶ 2. Plaintiffs theorize that the Note is not negotiable because "the securitized pool grants 'no recourse' to the pool to foreclose upon any individual property." Although Plaintiffs present no facts relating to the loan – a nonrecourse loan simply means that the holder of the note must only look to the security in the event of a default by the borrower.

Plaintiffs next baldly assert that the "chain of title was irrevocably broken" by an assignment of the "Original Note" by Mortgage Electronic Registration Systems, Inc. ("MERS"). Compl. ¶¶ 2-7, 10-12, 14-15, 17. However, California courts have uniformly rejected this theory. *See Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 268 (2011) (summarizing California appellate cases). Under the MERS system, MERS is designated the beneficiary in deeds of trust and acts as a nominee, or agent, for the lender. *Id*. "The lack of a possessory interest in the note [does] not necessarily prevent MERS from having the authority to assign the note." *Id*.

If a deed of trust contains an express provision granting a power of sale, that power of sale transfers along with the assignment of the note. Cal. Civ. Code §

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

2932.5. It has long been the case that the mortgage transfers with the assignment of the note. "The transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter." *Carpenter v. Longan*, 83 U.S. 271, 275 (1872); see also *id*. ("All the authorities agree that the debt is the principal thing and the mortgage an accessory. Equity puts the principal and accessory upon a footing of equality, and gives to the assignee of the evidence of the debt the same rights in regard to both. There is no departure from any principle of law or equity in reaching this conclusion."); Restatement (Third) of Property: Mortgages § 5.4(a) ("A transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise."). California itself has always long recognized that, when a note is transferred, the mortgage is deemed to accompany it. Cal. Civ. Code § 2932.5. Under the California statutes, "a trustee, mortgagee, or beneficiary, or any of their authorized agents" may institute the foreclosure process. Cal. Civ. Code 2924(a)(1). Accordingly, Plaintiffs have pled no facts or a viable legal theory to support their claim for a broken chain title.

**2. Plaintiffs' "Robo Signing" Allegations Are Conclusory And Plaintiffs Lack Standing To Challenge Any Assignments**

To the extent Plaintiffs seek to base their broken chain of title claims on robo-signing, these claims are unsupported by any allegations of fact. Compl. ¶ 18. Although Plaintiffs assert that "Defendant's home loan servicing, or any of the named Defendant's, acquired, or fabricated through Fraud also known as 'Robo Signing', which are outright forgeries of the original documents to this property," Plaintiffs' attempt to capitalize on the loaded term "robo signer" amounts to pure speculation and conjecture. Indeed Plaintiffs concede their information about "robo-signing" derives from a slide taken from a presentation provided by the Attorney General of the State of Florida. Compl., ¶ 18. As one Court recently and forcefully noted, mere "allegations of robo-signing and other unspecified irregularities are insufficient to place defendants on notice" and therefore do not form the basis of any claim. *See*

*Cerecedes v. U.S. Bankcorp*, No. CV 11--219 CAS (FMOx), 2011 WL 1666938, at *4 (C.D. Cal. Apr. 29, 2011) (emph added); *see also Gomes*, 192 Cal. App. 4th at 1154-55. In short, Plaintiffs do not allege facts that evidence wrongful conduct by the BANA Defendants.

Even if Plaintiffs could allege specific facts regarding purported irregularities in the execution of specific documents, Plaintiffs do not possess standing to challenge the validity of any Assignment. Plaintiffs would not have been involved in the preparation of, or parties to, the Assignments at issue, and thus have no basis to allege a claim based on purported "robo-signing." Any Assignment would not affect Plaintiffs' obligation to make their mortgage payments — and they have not alleged that they were prejudiced in any way by any alleged deficiencies in the Assignment(s). *See Fontenot*, 198 Cal. App. 4th at 272 (in finding that plaintiff failed to allege prejudice and affirming the trial court's dismissal, without leave to amend, the Appellate Court found that "an assignment merely substituted one creditor for another, without changing [plaintiff's] obligations under the note. Plaintiff effectively concedes she was in default, and she does not allege that the transfer to HSBC interfered in any manner with her payment of the note"). Where, as here, Plaintiffs challenge foreclosure proceedings, Court's require some showing of <u>prejudice</u> as a result of the purported irregularities. *See Fontenot*, 198 Cal. App. 4th at 272; *see also Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186-87 (N.D. Cal. 2009). Plaintiffs make no such showing. Therefore, Plaintiffs' wrongful foreclosure claims should be dismissed with prejudice.

**B. Plaintiffs Fail to State a Federal RICO Claim**

Similarly, Plaintiffs claim that Defendants violated Federal RICO statutes but fail to explain how. Compl.,¶ 2. Plaintiffs merely cite as their First RICO claim, "U.S.C 18§ 242, 243 [sic] fraudulent Conversion of another's real property," and their Second RICO claim for "using the U.S. Mail more than twice to collect an unlawful debt," without providing further detail. *See*, *id*. In addition to failing to set forth

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

specifics of the alleged fraudulent activity, Plaintiffs have also failed to state the RICO predicate acts upon which Plaintiffs are basing their Federal RICO claims. *See, e.g.*, Compl. ¶ 2.

The Federal RICO statutes prohibit persons from conducting enterprises through the use of "racketeering activity" or "the "collection of unlawful debt." 18 U.S.C. § 1962(c). The statutes explicitly define "unlawful debt" as debt incurred in connection with gambling activity or which is usurious. 18 *U.S.C.* § 1961(6); *see also, Huertas v. Galaxy Asset Management LLC*, 641 F.3d 28 (3rd Cir. 2011). While Plaintiffs' Complaint provides a litany of conclusory grievances relating to a "broken chain of title," Compl. ¶ 18, none of these constitutes a predicate racketeering act. *See* 18 U.S.C. § 1961(1) (defining "racketeering activity" as certain specific criminal activities). Plaintiffs cannot accurately assert that any alleged irregularities in the assignment of "the Note," or the foreclosure process in general, somehow turn a mortgage loan into "unlawful debt." As Plaintiffs have failed to allege a single RICO predicate offense committed by Defendants, their Federal RICO claims should be dismissed with prejudice.

**C. Plaintiffs Are Not Entitled To Injunctive Relief**

Injunctive relief is not appropriate where there is no valid underlying claim to support the relief. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) An injunction requires a plaintiff to demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. Here, as Plaintiffs have not set forth any facts to support a viable claim for relief, an injunction is improper.

//

//

//

//

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 7 –
NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**D. The Court Should Dismiss Plaintiffs' Complaint Without Leave to Amend Under The Applicable Standard**

Plaintiffs' Complaint for Wrongful Foreclosure and Injunction cannot be remedied because it lacks a cognizable legal basis upon which to support a claim against the BANA Defendants.

The purpose of a Rule 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832 (1989); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). As it would be futile to permit Plaintiffs to amend this legally unsupportable Complaint, the Court should dismiss this Complaint with prejudice. *See Dumas*, 90 F.3d at 393 (dismissal with prejudice permitted where amendment is futile).

Here, Plaintiffs' entire Complaint is based on the legal premise that the BANA Defendants have no standing to foreclose on the subject property because the chain of title was broken. However, in addition to failing to plead any specific facts in support of their allegations, Plaintiffs' legal theories are fatally flawed, making it futile to permit Plaintiffs to amend their Complaint.

//

//

//

//

//

//

## III. CONCLUSION

Plaintiffs' Complaint fails to alleging any wrongdoing, let alone stating any viable claim against the BANA Defendants. The BANA Defendants therefore request that its Motion to Dismiss be granted in its entirety without leave to amend.

DATED: January 13, 2011.

REED SMITH LLP

By /s/Carla Meninsky
Carla Meninsky
*Attorneys for Defendants*
Bank of America, N.A., for itself and as successor in interest to BAC Home Loans Servicing, LP; and ReconTrust Company, N.A.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware