FILED

1 PETE REYNOSA

2 PATRICIA REYNOSA

2012 MAR -5 PM 3: 20

3 110 ANNED DRIVE PLACENTIA, CA 92870
714-598-9232

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

4 Fax:505-212-0527

BY:_____  N\B

5

6

7               UNITED STATES DISTRICT COURT

8             CENTRAL DISTRICT OF CALIFORNIA

9

10

11 Pete Reynosa, Patricia Reynosa

12               Plaintiffs,

13        vs.

14 BANK OF AMERICA N.A. ET AL  and
DOES 1 to 10

15

16               Defendants.

Case No. SACV 1955-CJC(ANx)
HONORABLE CORMAC J. CARNEY

FIRST AMENDED COMPAINT

JURY TRIAL DEMANDED

17        COME NOW the Plaintiffs in this action Pete Reynosa   AND

18 Patricia Reynosa, sui juris, and for their First amended

19 Complaint Plaintiffs state as follows:

20        This Court is the correct Jurisdiction due to Diversity

21 of Citizenship, Plaintiff's are domiciled in Orange County

22 California, and the Defendants BANK AMERICA N.A. et al hereafter

23 BAC is Domiciled in Charlotte North Carolina.

24        The amount in controversy is $365,000.00 over the $75000.00

25 required for this Court to hear this matter.

26

27

28

_____
[PLAINTIFF'S FIRST AMENDED COMPLAINT]

P2

The claim for which this Court can grant relieve is to stop Defendant's from converting the Plaintiff's real property at 110 ANNED DRIVE PLACENTIA CALIFORNIA,to their own property. Defendants can not demonstrate a lawful claim to this property yet they continue to try to confiscate it. Given the opportunity Plaintiffs will demonstrate the Defendant's have no legal way to perfect their claim on this property.

Plaintiff's are prepared to tender all funds that Defendants can demonstrate are owed them. Defendants must provide an accurate balance of the funds required to satisfy the alleged debt. Funds will be tendered in US Dollar Denominations; Defendants need only demonstrate to this Court they are who they say they are, a real party in interest.

The Comprehensive Prospectus and Prospectus Supplement securitization Report from the SEC Web Site,(Plaintiffs' Exhibit A1-A3) details the responsibilities and rights of the Trust. Furthermore, at no place in the Prospectus and Prospectus Supplement  is the Note referred to as anything but non-recourse, just as the subject property has no claim against the Trust, The Trust has no claim against the subject property. Non-Recourse in this  context means the sale of the note into the  trust was a true sale  there is no attachment to the underlying real estate. (See Federal Accounting Standards Board #140 page 45 § 80,81,82 TRUE SALE)

Further, the very attempt by BANK OF AMERICA NA to maintain that they have the authority to foreclose on a separate and individual note which they have allegedly been "assigned"

[PLAINTIFF'S FIRST AMENDED COMPLAINT]

P3

without any proof and then to pretend they are not damaging the
Plaintiffs is itself an act that requires relief from this
Court. To date there has been nothing demonstrating any
resemblance of a right to the subject Property. Defendant's want
this Court to dismiss this claim with out one shred of proof
because we agree that the property had a Note and a Mortgage.
That is all we agree on. Plaintiff's are confident Discovery
will further demonstrate there is no proof that the Defendant's
have any claim to the subject property.

The alleged original note is owned as a "REMIC trust"
asset for which BANK OF NEW YORK is listed as the trustee (see
Plaintiffs' Exhibit A1-A3 Pooling and Servicing Agreement).The
passive nature of this trust *disallows* the trustee of the trust
to engage in *any* "active" legal action regarding *any* individual
notes within the trust, without violating the passive
requirements of the Trust. (See 1986 Tax Reform Act pages 412-
428 Prohibited activities and Penalties for prohibited
activities) Violation of this condition in fact triggers a 100%
IRS tax penalty on all proceeds from such prohibited activity.
There exists *no* lawful way to get a note *out* of a REMIC trust
after 90 days of the inception of the trust (see Plaintiffs'
Exhibit A1) The subject property can no longer legally serve as
collateral for the original note and mortgage.

Defendant's continue to try to give MERS standing.
Courts have repeatedly ruled that MERS has no standing
to assign any Note and Mortgage to anyone. Courts have held that
MERS never has had any authority to assign any beneficial

[PLAINTIFF'S FIRST AMENDED COMPLAINT]

P4

interest in a Note because it has never held the Note and has

never had a tangible interest in the mortgage.

Landmark Nat. Bank v Kesler, 216 P.3d 158, 167 (Kan.,2009) ;

Bellistri v Ocwen Loan Servicing, LLC, 284 S.W.3d 619, 623 (Mo.

App.2009); In re Wilhelm, 407 B.R. 392(Bankr.D.Idaho 2009); In

re Vargas, 396 B.R. 511 (Bankr.C.D.Cal.2008)


Defendants are operating a Criminal Enterprise see

Plaintiffs exhibit B pages 1-98 The complete presentation by the

Attorney General of Florida that describes in detail the

fraudulent enterprise conducted by Defendants. There are

numerous examples in this exhibit more then the two needed.


In further irony, one of Plaintiffs' exhibits objected to,

(see Exhibit B pages 1-98) in the Complaint (an investigation

into bank and other institutional mortgage fraud and "robo-

signing" by the Florida Attorney General Economic Crimes

Division), was included by the Plaintiffs because it

*specifically* named as engaging in such fraudulent practices,

BAC, one of the several Defendants in this action, and also

specifically named MERS, who provided the alleged assignment

upon which the Defendants BAC rest their  entire case, as

engaging in the falsification of "thousands" of documents.

Defendants complain of lack of Plaintiffs factual support for

their Complaint, yet simultaneously argue the relevance of the

factual support.

[PLAINTIFF'S FIRST AMENDED COMPLAINT]

P5

Therefore Defendants, are required to provide this Court with proof of how they acquired the original Note and trust deed from MERS. How they got it, what value they gave for it, demonstrate that it was a "true sale", and demonstrate proof of their beneficial interest, including all required endorsements.

Assignment of a Note is insufficient to transfer the Note and does not create a right to enforce it, but only a claim to ownership, because only negotiation and transfer grant the right to enforce. In re Wells, 407 B.R. 873 (Bankr. N.D. Ohio, 2009), appeal to District Court dismissed with prejudice at In re Wells, 1:09-cv-01879-DAP,Doc 11, Filed 01/28/10(N.D. Ohio 2010); See also see also U.C.C. § 3-203 cmt. 1(2002).

Defendant's acting in concert as a criminal enterprise to convert the subject property to their own demonstrates a required element of RICO. Defendants see no need for any examination of the "Original Note" and alleged endorsements, because these documents will show that Defendant's home loan servicing, or any of the named Defendant's, acquired, or fabricated through Fraud also known as "Robo Signing", which are outright forgeries of the original documents to this property. These events were the result of a broken chain of title. Defendants see no problem with a broken chain of title because not having a legitimate claim isn't a problem when your trying to foreclose on a property you have no legal right to.

The Plaintiffs would respectfully argue that the question of Defendants' forgery of a "assignment", which forms a

P6

significant  part of Plaintiff's entire action in this Court,
can hardly be said to fail to state a claim under Rule 12(b)(6).

Ironically, an opportunity to prove the truth or falsity,
of this allegation, something one would believe the Defendant
would relish (and which the Plaintiffs is asking this Court for
an opportunity to demonstrate), is precisely what the Defendants
are here attempting to avoid with a 12 (6)(b) motion.

"Any attempt to transfer the beneficial interest of a
trust deed without ownership of the underlying note is void
UNDER CALIFORNIA LAW." THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN District of California issued a ruling dated May 20,
2010, in THE MATTER OF IN RE: WALKER, CASE NO.10-21656-E-11."
"BAC", is claiming to be the entity entitled to foreclose.
This is quite remarkable, considering that despite the fact that
the Note was securitized into a Structured Asset Certificate
Pool shortly after its origination by COUNTRYWIDE HOME LOANS.
The Plaintiff's learning this fact realized they were in
jeopardy of paying the wrong party so they stopped and filed
suit. BAC would have this Court believe no proof is necessary
just take their word they have the right to the subject
property. Another problem with BACs' unsubstantiated claim to
the payments and or property in the instant case is if they were
to foreclose the rightful owner could still prevail on a claim
and the Plaintiffs would still be liable for the obligation.

P7

The Federal Statutes that have been violated are title 18 USC 242,243. Plaintiff has evidence that this note and Deed of Trust were fraudulently converted into a security and this fact was not made available to the Plaintiff. This financial transaction was conducted without the disclosures required by RESPA, and constitutes a serious breach of fiduciary responsibility. When there is repeated disregard for a set of laws as in the current mortgage loan case, it looks less like a mistake and more like a plan to commit a fraud, so we are also bringing our claim under RICO, Title 18 USC §§ 1962,1964. The evidence will show that there is no connection between the subject property and "BAC",who is bringing the foreclosure in the form of a Trust Deed Sale. The fraudulent conversion of the subject property to another entity constitutes the first RICO claim. The Defendant, by using the U.S. Mail more then twice to collect an unlawful debt is also in violation of 18 U.S.C.§§ 1341, 1343,1961 and 1962 and grounds for the 2nd RICO claim. (See Plaintiff's Exhibit D1 and D2)Defendants know they have no legitimate claim to the subject property, yet continue the use of hard ball tactics. Plaintiff has evidence to support the fact that it is legally impossible for the Defendants "BAC", to have acquired the legal right to initiate any foreclosure proceedings because the chain of title has been irrevocably broken. Due to the fraud perpetrated by "BAC", Plaintiff is seeking Treble damages.

For the record if Defendants provide this Court with any fraudulent documents, Plaintiff's are asking for full sanctions

[PLAINTIFF'S FIRST AMENDED COMPLAINT]

P8

1

2  on Defendants and their alleged counsel.(see Plaintiffs Exhibit

3  C Kathy Carlson handwriting expert-witness Curriculum Vitae )

4       Defendant's alleged counsel must provide this Court with a

5  Certified Oath of Office a current liability policy and a

6  verifiable bond for David S. Reidy and Carla Meninsky or there

7  can be no appearance on behalf of Defendants.

8       In order for the Defendants alleged counsel to have subject

9  mater jurisdiction in this Court they must provide the contract

10 that gives them the right to represent the Defendants and

11 demonstrates they are not third party bill collectors.

12      The Defendants' motion to dismiss for failure to state a

13 claim for which this Court can grant relief, constitutes an

14 attempt to improperly dismiss this action--without having to

15 address the underlying factual issues and upon Plaintiff's

16 initial pleadings only, may be understandable; but it is an

17 effort to improperly avoid the burden upon the Defendant which

18 Plaintiff submits it cannot sustain by properly designating its

19 motion as one for Summary Judgment under Rule 56.

20      Plaintiffs respectfully request, therefore, that

21 Defendants' Motions to Dismiss be denied, or in the alternative

22 be more properly construed as a Rule 56 Motion for Summary

23 Judgment, and to grant the Plaintiff a reasonable time for

24 response so that they may demonstrate to the Court by affidavits

25 and exhibits a prima facie case as to their factual allegations.

26

27

28

[PLAINTIFF'S FIRST AMENDED COMPLAINT]

P9

Therefore, under Rule 12(d) there are issues of material fact to be decided by this Court which can not be decided by "a motion to dismiss" misleadingly purported to address solely Plaintiff's pleadings. Plaintiffs submit that the Defendants' motion should therefore be properly treated as in fact a motion for Summary Judgment under Rule 56 which allows all parties, including Plaintiffs, an opportunity to present all material that is pertinent to properly addressing such a motion.

THEREFORE, the Plaintiffs hereby respectfully request that this Court deny the Defendants' Motions to Dismiss, or in the alternative, designate their motion as one for summary judgment under Rule 56 and pursuant to Rule 12(d) allow the Plaintiffs a reasonable time to prepare materials to respond to that motion, and to grant leave to the Plaintiffs to amend their Complaint should the Court deem necessary.

Dated this second day of March, 2012.

PATRICIA REYNOSA                          PETE REYNOSA

110 ANNED DRIVE PLACENTIA, CA 92870